**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRYAN P. BONHAM, Petitioner, v. DEBRA BORGAS, Respondents. | Case No. 3:26-cv-00455-ART-CLB<br>ORDER |

*Pro se* Petitioner Bryan P. Bonham has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an Application to Proceed *In Forma Pauperis* ("IFP"), and a Motion to Correct Error. ECF Nos. 1, 1-1, 5. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court concludes that the petition fails to state a cognizable habeas corpus claim and summarily dismisses the Petition.

**Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Federal law provides two main avenues to relief for legal challenges to

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255 ; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id.* at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

Bonham asserts that he was denied his due process rights as it relates to disciplinary proceedings and that he was issued a notice of charges that did not meet the standard of evidence. ECF No. 1-1 at 3-7. It appears that his allegations are in the nature of prisoner civil rights claims. If he were to succeed on this claim, it would only mean that his conditions of confinement would change. Bonham is not challenging his underlying state court conviction. Bonham's claim does not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

The Court declines to recharacterize Bonham's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles*, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Bonham. The Court therefore dismisses the petition without prejudice and

instructs the Clerk of the Court to send Bonham the approved form and instructions for filing a 42 U.S.C. § 1983 complaint. Accordingly, the Court denies the Petition without prejudice and dismisses this action.

**Conclusion**

**IT THEREFORE IS ORDERED:**

1. Petitioner Bryan P. Bonham's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.
2. The IFP application (ECF No. 1) is granted.
3. Petitioner's Motion to Correct Error (ECF No. 5) is denied as moot.
4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.
5. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.
6. The Clerk of the Court is directed to (1) send Bonham the approved form and instructions for filing a 42 U.S.C. § 1983 complaint; and (2) enter final judgment accordingly and close this case.

DATED THIS 14th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE